## UNITED STATES v. SUMMERS.

District Court, W. D. Virginia. May 20, 1927.

Embezzlement ⬅═5—Trustee of funds paid under War Risk Insurance Act or World War Veterans Act held criminally liable only for conversions with intent to deprive beneficiary permanently; "fraudulently;" "embezzle" (U. S. C. tit. 38, § 556 [Comp. St. § 9127½—505]).

Act March 4, 1925, § 20 (U. S. C. tit. 38, § 556 [Comp. St. § 9127½—505]), declaring a punishment for one who, having charge and custody in a fiduciary capacity of money paid, under War Risk Insurance Act, as amended, or under the World War Veterans Act, 1924, for the benefit of any minor or incompetent claimant, who shall "embezzle the same in violation of his trust or fraudulently convert the same to his own use," *held* to apply only to conversions made with intent to deprive beneficiary of the money permanently, or at least till restoration should be compelled.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Embezzle—Embezzlement; Fraudulent—Fraudulently.]

One Summers was indicted under Act March 4, 1925, § 20. Nolle entered.

J. C. Shaffer, U. S. Atty., of Roanoke, Va., and C. E. Gentry, Asst. U. S. Atty., of Charlottesville, Va.

Hutton & Hutton and H. E. Widener, all of Abingdon, Va., for defendant.

McDOWELL, District Judge. The defendant, guardian of an infant beneficiary of the estate of a deceased World War veteran, was indicted under the statute hereinafter quoted. 43 Stat. 1312 (U. S. Code, tit. 38, § 556 [Comp. St. § 9127½—505]). The facts in the case are as follows:

The defendant had used for his private purposes a very considerable part of a fund of several thousand dollars which had been paid to him in his official capacity. However, he at all times intended to restore the money, and had reasonable expectations at the time of the conversion of being financially able to make restoration. The defendant's counsel from the first contended that the facts do not justify a conviction. Government counsel entertained some doubt on the subject, and, being anxious to avoid the expense of what might be a useless trial, requested that I advise them of my construction of the statute. The following opinion was accordingly written and resulted in a nolle.

It may be here said that the language of the above-mentioned statute was apparently taken from a pension statute of 1873. 17 Stat. 566, 575. However, I have not found any opinion in which the old statute is construed in respect to the point here involved.

The numbers and the italics having been supplied, section 20 of the Act of March 4, 1925, c. 553 (43 Stats. 1302, 1312), reads as follows:

"Sec. 20. That a new section be added to the World War Veterans Act 1924, approved June 7, 1924, to be known as section 505, and to read as follows:

"'Sec. 505. Every guardian, curator, conservator, committee, or person legally vested with the responsibility or care of the claimant or his estate, having charge and custody in a fiduciary capacity of money paid, under the War Risk Insurance Act as amended, or under the World War Veterans Act, 1924, for the benefit of any minor or incompetent claimant, who shall (1) *embezzle the same in violation of his trust or* (2) *fraudulently convert the same to his own use,* shall be punished by fine not exceeding $2,000 or imprisonment at hard labor for a term not exceeding five years, or both.'"

It will probably be conducive to clearness to consider first the meaning of the word "fraudulently" as used in clause No. 2 of the statute. The word "fraud," as commonly used implies deceit, deception, artifice, trickery. But the persons who are alone within the purview of this statute are fiduciaries who rightfully have possession of the trust funds, and who have no reason for practicing any deception or artifice in converting such funds to their own use. It seems therefore that the word "fraudulently" was used in some sense other than its most usual signification. In seeking the meaning that was most probably intended, it seems to me that the word was used as meaning conversions made with intent to deprive the beneficiary of the money permanently, or at least until restoration should be compelled.

It is an unwise practice for any trustee to convert to his own use any part of a trust fund, however small the sum thus used, and however certain he may be that he can and will make restoration in due time. Such misuse of small trust funds is, I believe, quite common among the class of inexperienced and untrained people usually willing to act as trustees of small funds. The members of Congress must have known that a very great number, probably the great majority, of those who would be trustees in possession of the usually rather small sums of money paid to fiduciaries under the War Risk Insurance Act (Comp. St. § 514a et seq.), or under the World War Veterans Act, 1924 (Comp. St.

§ 9127½—1 et seq.), would be people of little or no experience or training as fiduciaries, and therefore of the class most likely to innocently convert to their own use portions (usually rather insignificant in amount) of trust funds. And it seems therefore most improbable that the lawmakers intended to declare guilty of a felony a trustee who converts possibly some very small portion of such a fund to his or her own use with intent to restore and with reasonable expectation of ability to restore. It seems, therefore, that the word "fraudulently" was used as meaning conversions to his own use by the trustee of trust funds with intent to deprive the beneficiary of such funds permanently, or at least until forced to make restitution.

It is next advisable to consider the meaning of the word "embezzle," as used in clause No. 1. This word is in common use. After considerable search, I have been unable to find any dictionary which is so abridged as to omit this word. In the unabridged dictionaries which I have seen, several meanings of the word are given, but in the most commonly used abridged dictionaries, in very slightly varying form, embezzlement is defined only as fraudulently converting to one's own use:

In the Standard Desk Dictionary (1925) the only definition is: "To appropriate fraudulently to one's own use." In the New Universal Dictionary (1925) the only definition is: "To appropriate fraudulently, as in case of property intrusted to one's care." In the Concise Oxford Dictionary (1925) the only definition is: "Appropriate fraudulently what has been intrusted." So also in the Pocket Oxford Dictionary (1925). In the New Universities Dictionary (founded on Webster) the only definition is: "To appropriate fraudulently, as property intrusted to one's care." In the Winston Simplified Dictionary (1924) the only definition is: "To steal something intrusted to one's care."

The lawmakers must be assumed to have known the commonest meaning of a word in common use. Clause No. 2 could not, therefore, have been added to what had been written for the purpose of including that which had already been included. Such a purpose would have been so entirely superfluous as to be inane. Only one other possible reason for the addition of clause No. 2 has occurred to me. An intent to restrict the meaning of the clause No. 1, by the use of the narrower second clause, is not only possible, but probable. In the Century Dictionary, as in other unabridged dictionaries, one of the

meanings of the word embezzle is: "To misappropriate, or misspend." Any misappropriation of a trust fund by a trustee is "in violation of his trust." It follows that the first clause, standing alone, is very broad in meaning, and would include misappropriations of trifling sums, made with intent to restore in due time, and with ample present and prospective ability to restore.

In view of the fact I have mentioned as to the class of people most likely to be trustees under the War Risk and the Veterans Acts, it seems highly improbable that Congress intended to make criminal every possible misappropriation by such trustees. Some rational purpose must be ascribed to the use of clause No. 2, and I can think of none, except that of restricting clause No. 1, so as to embrace no embezzlements other than fraudulent conversions to the trustee's own use.

It may be added that the statute is a criminal statute, which makes a felony of what was a mere civil wrong at common law, and that it cannot be read as including acts which are not clearly within its meaning. If any misappropriations other than fraudulent conversions to the trustee's own use are within the meaning of the statute, they are at least not clearly within its meaning.

In criticism of the foregoing construction of the statute it may be said that Congress has unnecessarily used many words in expressing an intent which could, more clearly and more briefly, have been expressed by using clause No. 2 alone. This is true. But as neither clause may be disregarded or suppressed, and if no reasonable reading of the two clauses, other than as above, can be found, the criticism loses its effective force. If the intent of the lawmakers has been correctly ascertained, the mere fact that such intent could have been more clearly or more briefly expressed is of no importance.